UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LORRENE EADS, | ) |
| Plaintiff, | ) |
| vs. | ) |
| PRUDENTIAL INSURANCE COMPANY OF AMERICA, DEPARTMENT OF VETERANS AFFAIRS, UNITED STATES OF AMERICA, SLOAN D. GIBSON Acting Secretary of Veterans Affairs, | ) No. 1:13-cv-01209-TWP-MJD |
| Defendants. | ) |

**ORDER ON MOTION FOR LEAVE TO AMEND**

This matter comes before the Court on Lorrene Eads's ("Plaintiff") Motion to Modify Case Management Plan and for Leave to File Amended Complaint for Damages, which was filed on May 8, 2014. [Dkt. 73.] For the following reasons, the Court hereby **DENIES** Plaintiff's motion.

**I. Background**

On July 30, 2013, Plaintiff filed this action against the Secretary of Veterans Affairs, the United States Department of Veterans Affairs, the United States (collectively referred to as "the VA"), and the Prudential Insurance Company of America ("Prudential") (collectively "Defendants"), alleging that Defendants failed to deliver benefits from her late husband's insurance policy under the Servicemembers' Group Life Insurance ("SGLI") program. Plaintiff's Complaint for Damages ("Original Complaint") includes allegations that the

Defendants engaged in disparate treatment, that Prudential made coverage determinations in some cases while the VA ordered the payment of benefits in others, and that the Defendants failed to follow VA-issued guidelines for determining service member disability. [*Id.* at 6, 12.]

Pursuant to the Court's scheduling order, discovery commenced on October 25, 2013, and the deadline for amending the pleadings passed on December 30, 2013. [Dkt. 36 at 3.] Plaintiff served her initial discovery requests on January 2, 2014, and on April 8, 2014 Prudential produced two allegedly relevant documents: (1) the Job Aid Disability Extension, which includes criteria for determining whether a service member has been engaged in substantially gainful employment and (2) the VA Outreach for SGLI Disability Extensions, which indicates that the VA became solely responsible for handling the SGLI disability extension process in 2011. [Dkts. 75 at 4-5; 75-1; 75-2.]

One month later, Plaintiff moved to amend her Original Complaint to include "class of one" equal protection claims against the Defendants, alleging that Defendants engaged in disparate treatment of beneficiaries contrary to the requirements of the Servicemembers' Group Life Insurance Act and that such disparate treatment was irrational, arbitrary, and capricious. [Dkt. 76 at 16-18.] In response, Prudential submitted a letter that it had received from Plaintiff's counsel six months prior to the filing of the Original Complaint, accusing the Defendants of having "violated the Equal Protection Clause . . . by paying benefits to some beneficiaries . . . but not others identically situated." [Dkt. 79-2 at 5.] Oral Argument was held on Plaintiff's motion to amend on June 13, 2014, which motion the Court now addresses.

## II. Discussion

Leave to amend a complaint shall be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). While denials of motions to amend the pleadings are disfavored, the Court may

deny such a motion when there is "**undue delay**, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and **futility of amendment**." *Bausch v. Stryker Corp.,* 630 F.3d 546, 562 (7th Cir. 2010) (emphasis added). Rule 15's flexibility to grant motions to amend the pleadings must be tempered by the deadlines set forth in the Court's scheduling order, which Rule 16 provides "may be modified only for good cause." *See* Fed. R. Civ. P. 16(b)(4); *Alioto v. Town of Lisbon,* 651 F.3d 715, 719 (7th Cir. 2011). Thus, a motion to amend must first be examined under the heightened standard of Rule 16 before Rule 15 can be applied. *Alioto,* 651 F.3d at 719; *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005).

Plaintiff asserts that there is "good cause" to grant her motion because the proposed claims and scheduling order modifications arise from new information that Prudential produced months after the deadline to amend the pleadings passed. [Dkt. 75 at 7-9.] Defendants, in response, assert that Plaintiff has not shown good cause because (1) the motion was unduly delayed and (2) the proposed claims are futile. [Dkt. 78 at 2; 79 at 1.] The Court will address each of Defendants' assertions in turn.

### A. *Undue Delay*

Defendants first contend that the motion to amend is unduly delayed because Plaintiff did not file her motion until May 8, 2014, several months after the scheduling order deadline for amending the pleadings had passed. [*See* Dkts. 78 at 5; 79 at 7.] Plaintiff, in reply, asserts that she was not dilatory in serving discovery requests and that any consequential delay was not undue. [*See* Dkt. 80 at 6-7.] Determining whether any delay precludes a finding of good cause

primarily requires examination of the diligence of the moving party. *Trustmark Ins. Co.* 424 F.3d at 553.

Here, although the deadline for filing amended pleadings passed months before Plaintiff filed this motion, the Court notes that Plaintiff did not receive the relevant discovery responses until April 8, 2014, and Plaintiff filed this motion just one month later. Based on this timeline, even if Plaintiff had served her discovery requests the day of the parties' Rule 26(f) conference on October 25, 2013, Plaintiff would likely not have received the relevant responses until February of 2014 – well after the December 30, 2013 deadline to amend the pleadings. *See* Fed. R. Civ. P. 26(d)(1) (stating that discovery commences after the Rule 26(f) conference). Therefore, the Court finds that the timing of Plaintiff's discovery requests do not render her motion to amend unduly delayed.

However, Prudential also contends that the motion to amend is unduly delayed because Plaintiff already knew of the "core factual allegations" of her proposed claims well before she moved to amend, as evidenced by the letter from Plaintiff's attorney dated January of 2013, six months prior to the filing of her Original Complaint in July of 2013. [Dkt. 79 at 7.] Plaintiff, however, argues that the newly-produced criteria, provided to Prudential by the VA, which she did not receive until April of 2014, are the "factual underpinning" of her proposed claims. [Dkt. 80 at 6.]

Where a party delays in seeking to add a claim based upon a previously-available factual basis, the Court is entitled to deny the party's request for leave. *Trustmark Ins. Co.*, 424 F.3d at 553; *Bethany Pharmacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001). In the January 2013 letter to Prudential, Plaintiff's counsel wrote that, if a law uit were to be filed, it would allege that Defendants "violated the Equal Protection Clause . . . by paying benefits to

some beneficiaries . . . but not others identically situated." [Dkt. 79-2 at 5.] This would indicate that Plaintiff was aware of facts and circumstances giving rise to a class of one equal protection claim months before even filing her Original Complaint, and over a year before she moved to amend. Additionally, the allegations of her Original Complaint already claim that the Defendants' issuance of benefits was disparate and improper, asserting, for example, that "Prudential makes SGLI coverage determinations in some cases" but "in other cases . . . the [VA] . . . unilaterally orders Prudential to pay SGLI benefits," even when the beneficiaries are identically situated. [Dkt. 1 at 12.] Plaintiff's proposed claims are substantially similar: alleging that the Defendants "intentionally deny[ ] some beneficiaries' claims while granting others." [Dkt. 76 at 17-18]

Further, although the details of the VA's guidelines were not produced to Plaintiff until April of 2014, Plaintiff's Original Complaint, filed nine months earlier (and five months prior to the motion to amend deadline), contemplated and plead the existence of such guidelines. [*See* Dkt. 1 at 12 ("The [VA is] required by law to issue certain **guidelines** as part of . . . the SGLI program, including criteria for determining whether a service member was 'totally disabled'") (emphasis added).] While Plaintiff's proposed claims may allege further detail with regard to these guidelines than do the allegations in her Original Complaint, her proposed claims are merely *new claims* and fail to allege a claim based upon *new facts*. The Seventh Circuit in *Trustmark* and *Bethany Pharmacal* clarifies that, when the plaintiff was aware of the factual basis of her proposed claims prior to moving to amend, the court is entitled to deny such motion as unduly delayed. Thus, because Plaintiff is seeking to add claims based upon previously-available facts, her motion was unduly delayed and Plaintiff has not shown good cause to amend.

### B. Futility

Proposed amendments to a complaint should be denied as futile only "when the new pleading would not survive a motion to dismiss." *Gandhi v. Sitara Capital Mgmt., LLC*, 721 F.3d 865, 869 (7th Cir. 2013) (citing *Brunt v. SEIU*, 284 F.3d 715, 720-21 (7th Cir. 2002)). In order to survive a motion to dismiss, a complaint must contain factual allegations that "plausibly suggest an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 618 (2009). In evaluating a party's proposed complaint under this standard, the Court must "accept well-pleaded facts as true but not legal conclusions or conclusionary allegations that merely recite a claim's elements." *Munson v. Gaetz*, 673 F. 3d 630, 632-33 (7th Cir. 2012) (citing *McCauley v. City of Chicago*, 671 F.3d 611, 614 (7th Cir. 2011) (citing *Iqbal*, 556 U.S. at 681)). Should a party fail to state a claim or should the claim otherwise fail as a matter of law, the court should deny the amendment. *Gandhi*, 721 F. 3d at 869; *Brooks v. Ross*, 578 F.3d 574, 577 (7th Cir. 2009).

Defendants assert that Plaintiff has failed to sufficiently plead a "class of one" equal protection claim. [Dkts. 78 at 2; 79 at 14-15.] The VA further asserts that the proposed claims against the VA are futile because 38 U.S.C. § 511 precludes review of the claim by this Court. [Dkt. 78 at 18.] The Court addresses each argument in turn.

#### 1. Class of One Equal Protection Claim

Defendants assert that Plaintiff's proposed claims do not sufficiently plead a class of one equal protection claim because Plaintiff fails to allege an "intentional" action. [Dkts. 78 at 2; 79 at 14-15.] Plaintiff, in reply, contends that her proposed claims are sufficient, as they "fall squarely within the scope of the 'class of one' doctrine." [Dkt. 80 at 8.]

The Seventh Circuit pleading standard for a class of one claim, to which this Court adheres, provides that a plaintiff must allege: "(1) that he has been **intentionally treated**

**differently** from others similarly situated, and (2) that there is no rational basis for the difference in treatment."[1] *Fares Pawn, LLC v. Indiana Dep't of Fin. Institutions*, No. 13-3240, 2014 WL 2782012 at *5 (7th Cir. June 20, 2014). "Intentionally," in this context, does not merely denote a voluntary act and instead denotes a "sense of wanting her to be made worse off than . . . others." *Tuffendsam v. Dearborn County Bd. of Health*, 385 F.3d 1124, 1127 (7th Cir. 2004) (Posner, J.); s*ee also Del Marcelle v. Brown Cnty. Corp.*, 680 F.3d 887, 913 (7th Cir. 2012) (en banc) (Wood, J., dissenting) (proposing a requirement of "intentional discrimination," a lower standard than that proposed by the lead opinion); *Crowley v. McKinney*, 400 F.3d 965, 972 (7th Cir. 2005) (citing *Tuffendsam* with approval). A class of one plaintiff must, therefore, allege facts that "plausibly suggest" that the plaintiff was intentionally treated worse than similarly-situated individuals. *Scherr v. City of Chicago*, 12 C 5913, 2013 WL 1446304 at *5 (N.D. Ill. Apr. 9, 2013) *aff'd*, 13-1992, 2014 WL 2958611 (7th Cir. July 2, 2014); *see Iqbal*, 556 U.S. 662 (2009). Allegations couched in conclusory characterizations, such as "animosity," are insufficient without plausible factual support. *Scherr*, 2013 WL 1446304 at *5.

In support of her assertion that her pleadings are sufficient, Plaintiff cites to a case from the district of New Jersey where the court permitted a SGLI class of one claim to advance beyond the pleading stage even though the plaintiff did not plead that the discrimination was intentional. [Dkt. 75 at 9; *See* Dkt. 75-3.] However, the Third Circuit class of one pleading standard merely requires that "an allegation of an equal protection violation . . . contain a claim that a plaintiff has been **treated differently** from others who are similarly situated." *Phillips v.*

---

[1] While the Seventh Circuit has consistently required an allegation of **intentional** discrimination in a class of one claim, it is unclear in the wake of the Seventh Circuit's split in *Del Marcelle v. Brown County Corporation* whether an allegation of **malice** is additionally required within the Seventh Circuit. 680 F.3d 887 (7th Cir. 2012) (en banc) (Wood, J., dissenting); *see Fares Pawn, LLC v. Indiana Dep't of Fin. Institutions*, No. 13-3240, 2014 WL 2782012 at *5 (7th Cir. June 20, 2014) (stating that there is "no controlling opinion" on whether malice is required for class of one claim in the Seventh Circuit); *Thayer v. Chiczewski*, 705 F.3d 237, 254 (7th Cir. 2012) ("Unfortunately, the class-of-one standard [on a requirement of malice] in this circuit is in flux").

*Cnty. of Allegheny*, 515 F.3d 224, 244 (3d Cir. 2008). While Plaintiff's proposed claims do allege that Defendants "intentionally denied" Plaintiff benefits, such language reflects Plaintiff's factual allegation that Defendants' actions were voluntary and is not an allegation that the conduct was intentionally discriminatory. [Dkt. 76 at 17-18.] While such disparate treatment might be enough to meet the Third Circuit pleading standard that a plaintiff be "treated differently," it is not enough to rise to the level of intentional discrimination required by the Seventh Circuit, as seen in *Tuffendsam*. Plaintiff's proposed claims do allege that Defendants' actions were "arbitrary and capricious" and "without a rational basis" [*Id.*], but these conclusory characterizations of Defendants' alleged actions are not further supported by factual allegations, which *Munson* clarified is not sufficient after the Supreme Court's decision in *Iqbal*. Because Plaintiff's proposed claims are devoid of factual allegations of intentional discriminatory treatment, Plaintiff has failed to satisfy the pleading requirements of a class of one equal protection claim and the amendment would, therefore, be futile.[2]

### 2. 38 U.S.C. § 511

Finally, the VA asserts that Plaintiff's proposed claims against the VA are barred by 38 U.S.C. § 511 because the decision of the Secretary of Veterans Affairs was final and therefore is unreviewable by this Court. [Dkt. 78 at 18-21.] Plaintiff, in reply, argues that her claim is exempt from the Section 511 bar because it is "founded upon 38 U.S.C. § 1975 (the subchapter governing the SGLI program)." [Dkt. 80 at 8-9 (internal quotations omitted).] The VA contends that Plaintiff's proposed equal protection claims are actually founded upon the Constitution, not the SGLI subchapter, and thus not subject to the exception to the Section 511 bar. [Dkt. 78 at 20-21.]

---

[2] Prudential also asserts that Plaintiff has failed to sufficiently allege that Prudential is a state actor. [Dkt. 79 at 21-22.] Because the Court finds that the Motion is futile on other grounds, it need not address this argument.

"[A] claim arises under the law that creates the cause of action." *Bennett v. Sw. Airlines Co.*, 484 F.3d 907, 909 (7th Cir. 2007) (internal quotation omitted). In order to state a claim under Section 1975, the claim "must allege 'breach of an explicit or implicit duty under the SGLI subchapter.'" *McNabb v. U.S. Dep't of the Army*, 12-CV-6038-RBL, 2013 WL 2099724 at *1218 (W.D. Wash. May 14, 2013) (quoting *Denton v. U.S.,* 638 F.2d 1218, 1220 (9th Cir. 1981)); *see also Williams v. United States*, CIV.A. 08-5081, 2009 WL 799974 (E.D. La. Mar. 19, 2009). It is the source of the remedy that determines the law under which a claim arises—the subject matter of the dispute is irrelevant. *See Edgenet, Inc. v. Home Depot U.S.A., Inc.*, 658 F.3d 662, 664 (7th Cir. 2011).

On their face, Plaintiff's proposed claims allege "violations . . . of the Equal Protection Clause" and expressly seek a remedy due to an alleged violation of the Equal Protection Clause, not due to any breach of a duty under the SGLI subchapter. [*See* Dkt. 76 at 16-17]. As a result, even though the VA's administration of the SGLI program may be the factual basis of Plaintiff's proposed claims, the claim against the VA arises under the Constitution. Accordingly, Plaintiff's proposed claims do not fall under the exception to the Section 511 bar, and the Court cannot exercise jurisdiction over Plaintiff's proposed claims against the VA. Thus, Plaintiff's proposed claims as asserted against the VA would be futile.

### III. Conclusion

For the aforementioned reasons, the Court hereby **DENIES** Plaintiff's Motion to Modify Case Management Plan and for Leave to File Amended Complaint for Damages. [Dkt. 73.]

Date: 07/11/2014

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Katelyn O'Reilly
CONNELL FOLEY LLP
koreilly@connellfoley.com

Liza Walsh
CONNELL FOLEY LLP
lwalsh@connellfoley.com

Tricia B. O'Reilly
CONNELLY FOLEY LLP
toreilly@connellfoley.com

Gregory W. Pottorff
ICE MILLER LLP
gregory.pottorff@icemiller.com

Katherine A. Winchester
ICE MILLER LLP
katherine.winchester@icemiller.com

William Joseph Spalding
SPALDING LAW LLC
will@spalding-law.com

Jill Z. Julian
UNITED STATES ATTORNEY'S OFFICE
jill.julian@usdoj.gov