UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LORRENE EADS, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) |
| | ) No. 1:13-cv-01209-TWP-MJD |
| PRUDENTIAL INSURANCE COMPANY OF AMERICA, | )<br>)<br>) |
| Defendant. | )<br>) |

**ORDER TO SHOW CAUSE**

This matter comes before the Court on Prudential Insurance Company of America's ("Prudential") Motion to Maintain Confidential Documents under Seal. [Dkt. 81.] On May 8, 2014, Plaintiff moved to amend her Complaint [Dkt. 73], which motion contained exhibits of information that Prudential had produced to the Plaintiff as "confidential," pursuant to the Court's protective order [Dkt. 68]. According to the terms of the protective order, Plaintiff simultaneously moved to file such materials under seal [Dkt. 74], and Prudential then filed the instant motion seeking to maintain the two "confidential" exhibits under permanent seal [Dkt. 81]. The Court, at the hearing on Plaintiff's motion to amend, requested that Prudential submit their proposed redacted exhibits and admonished Prudential to redact as little as necessary. In response to this request, Prudential submitted a version of Plaintiff's memorandum in support of her motion to amend with several sentences redacted and submitted Exhibits A and B with the entirety of the content redacted, save the header and footer of each document, arguing that all of the information redacted qualifies as trade secret under Indiana Law. [*See* Dkts. 82, 87.]

1

Upon reviewing motions to permanently seal documents that have been filed with the court, the Seventh Circuit requires that this Court be "ever vigilant to keep judicial proceedings public." *Meharg v. AstraZeneca Pharm. LP*, No. 1:08CV184DFH-TAB, 2009 WL 2960761 at *2 (S.D. Ind. Sept. 14, 2009) (citing *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006)). Documents that underpin judicial decisions are presumptively open to public examination. *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984)). Any action that "withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification." *Hicklin Eng'g, L.C.*, 439 F.3d at 348. Thus, only documents that warrant long-tern confidentiality—such as bona fide trade secrets—may be kept under permanent seal, and even then only after weighing the party's interest in maintaining confidentiality against the public's interest in access to the information. *See Baxter Int'l, Inc.*, 297 F.3d at 545; *Matter of Cont'l Illinois Sec. Litig.*, 732 F.2d 1302, 1313 (7th Cir. 1984). To meet the initial threshold of being a trade secret, a document must be "(1) information; (2) which derives independent economic value; (3) **is not generally known or readily ascertainable** by proper means by other persons who can obtain economic value from its disclosure or use; and (4) is the subject of efforts reasonable under the circumstances to maintain its **secrecy**." *Hamilton v. State Farm Mut. Auto. Ins. Co.*, 204 F.R.D. 420, 423 (S.D. Ind. 2001) (emphasis added) (applying Indiana law) (citing *Zemco Mfg., Inc. v. Navistar Intern. Transp. Corp.,* 759 N.E.2d 239, 245–46 (Ind.Ct.App.2001)); *see* I.C. § 24–2–3–2.

In this matter, the Court's review discovered that large portions of the redacted content are readily accessible in publications available to any visitor to the U.S. Department of Veterans Affairs website. *See, e.g.*, Veterans Benefits Administration, *Servicemembers' and Veterans'*

*Group Life Insurance Handbook,* Life Insurance (May 2014), http://www.benefits.va.gov/ INSURANCE/ docs/SGLI_VGLI_handbookv1_7.pdf; Veterans Benefits Administration, *Veterans Life Insurance Handbook*, Life Insurance (January 2014), http://www.benefits.va.gov/ INSURANCE/docs/ 2014_VALifeBook.pdf; Veterans Benefits Administration, *VBA Today* (August 2011) http://www.vba.va.gov/vba/newsletter/issue/aug_11.pdf.  It is therefore evident that Prudential disregarded the Court's admonishment to redact as little as possible, and, contrary to the laws of the Seventh Circuit, is seeking to seal a substantial amount of material that is publicly available and could not possibly be a "trade secret."  Accordingly, Prudential is hereby **ORDERED** to submit revised proposed redacted exhibits within seven (7) days of the date of this order, this time taking extreme care to redact **only** proprietary and confidential information that meets the Seventh Circuit standard to maintain under permanent seal.  Furthermore, Prudential is advised that over-redaction a second time may result in complete denial of its motion to seal.

**SO ORDERED**

Date: 08/05/2014 _____

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Katelyn O'Reilly
CONNELL FOLEY LLP
koreilly@connellfoley.com

Liza Walsh
CONNELL FOLEY LLP
lwalsh@connellfoley.com

Tricia B. O'Reilly
CONNELLY FOLEY LLP
toreilly@connellfoley.com

Gregory W. Pottorff
ICE MILLER LLP
gregory.pottorff@icemiller.com

Katherine A. Winchester
ICE MILLER LLP
katherine.winchester@icemiller.com

William Joseph Spalding
SPALDING LAW LLC
will@spalding-law.com

Jill Z. Julian
UNITED STATES ATTORNEY'S OFFICE
jill.julian@usdoj.gov